LOHRMAN *v.* HAVEN-BUSCH CO.

1. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASES.

Disability resulting from an occupational disease has been compensable only since the occupational disease amendment of the workmen's compensation act (Act No. 10, pt. 7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

2. SAME—HERNIA—COMPENSABLE ACCIDENT.

Evidence showing plaintiff had sustained an accident while lifting a 200-pound channel iron in February, 1938, and that some weeks later a hernia developed which a doctor testified could have been caused by the accident *held*, sufficient to sustain finding that plaintiff suffered an accident in the nature of an occupational disease or condition which would be compensable when it results in a loss of earnings (Act No. 10, pt. 7, §§ 1, 2, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

3. SAME—HERNIA—OCCUPATIONAL DISEASE—PROXIMATE CAUSE.

In proceeding to recover workmen's compensation for occupational disease consisting of hernia, plaintiff was not required to prove that the disease was proximately caused from a single fortuitous event where it appears to have been due to "causes and conditions which are characteristic of and peculiar to" his particular employment (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

Appeal from Department of Labor and Industry. Submitted January 4, 1940. (Docket No. 64, Calendar No. 40,912.) Decided April 1, 1940.

Ernest Lohrman presented his claim against Haven-Busch Company, employer, and Metals Mutual Insurance Company, insurer, for compensation for injuries sustained while in defendant's employ. Award to plaintiff. Defendants appeal. Affirmed.

*Williams, Stiles & Tubbs,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendants.

North, J. This is an appeal in the nature of certiorari from an order of the department of labor and industry affirming an award of a deputy commissioner who found that plaintiff "suffered an accident" on February 22, 1938, arising out of and in the course of his employment with the defendant Haven-Busch Company. In his petition plaintiff alleged he was entitled to compensation under the occupational disease amendment to the workmen's compensation act (Act No. 10, pt. 7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937), that he was suffering from a double hernia, which affliction is listed under Act No. 61, § 2, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8485-2, Stat. Ann. 1939 Cum. Supp. § 17.221), as an occupational disease, and that this disease was contracted while plaintiff was in the employ of the Haven-Busch Company and resulted from the nature of his employment. The deputy commissioner found plaintiff sustained the burden of proof necessary to establish his claim, but payment of compensation was suspended because plaintiff's condition had not caused him any loss of earnings. He was still in the employ of the Haven-Busch Company and received the same pay.

On February 22, 1938, while plaintiff and another employee were lifting a channel iron weighing approximately 200 pounds, it in some way got out of control, and plaintiff testified:

"And then I catch it in my elbow, on my arm, right side, and then we laid it over on the drill press. I felt a jar when that thing come down, I felt a jar right in my back here (Indicating)."

Plaintiff also testified he felt some pain "on the right side." He at once reported the accident to his

foreman, and the latter under directions from defendant's superintendent assigned plaintiff to lighter work, and in general plaintiff was not required to do heavy lifting. At the time of the accident plaintiff told his foreman:

"I don't know what seems to be the matter with my back. All of a sudden that channel tipped over and snapped down. I can hardly move."

Plaintiff further testified that he had continuous pain from the time of the accident until he went to a physician the following August.

There was no protrusion apparent on plaintiff's right side nor on his left side until late in March or early in April. In fact there was no pain or protrusion on plaintiff's left side until about the first of the following August. But about April 1st, after plaintiff had lifted some heavy metal tubing, he had pain in the right groin and noticed a swelling. The pain seems to have been intermittent and plaintiff made repeated complaints to his foreman throughout the period between the February accident and the following August 9th when plaintiff was sent by defendant to Doctor Denham. The doctor's examination disclosed a double hernia, but more pronounced on the right side. Plaintiff testified that prior to the February accident he had been in good health, but that in 1934 he had been operated on for hernia on the right side.

Doctor Denham testified that when he examined plaintiff on August 9, 1938, he found him suffering from a reasonably recent recurrent inguinal hernia on the right side and in the left groin plaintiff had a potential hernia. The doctor also testified that a recent hernia could be caused by a sudden strain, that plaintiff's hernia could have been started by a sudden strain the preceding February, and that he was of the opinion that plaintiff's former operation

was at least a contributory cause of plaintiff's present right hernia.

Prior to the 1937 amendment to the workmen's compensation law, disability resulting from an occupational disease was not compensable. But Act No. 61, § 2, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8485-2, Stat. Ann. 1939 Cum. Supp. § 17.221), in part provides:

"The disablement of an employee resulting from an occupational disease or condition described in the following schedule shall be treated as *the happening of a personal injury by accident* within the meaning of this act and the procedure and practice provided in this act shall apply to all proceedings under this part, except where specifically otherwise provided herein."

Section 2 further provides that under the head of occupational disease there shall be included disabilities arising from 31 separate afflictions or conditions. Among these is hernia, if clearly recent in origin and resulting from a strain arising out of and in the course of employment and promptly reported to the employer.

Clearly this record contains testimony tending to support the deputy commissioner's finding that "plaintiff suffered an accident" in the nature of an occupational disease or condition which under the 1937 amendment to the workmen's compensation act (subject to the conditions of the statute) is compensable when it results in a loss of earnings.

Appellants point out in their brief that on review the department of labor and industry misquoted or misconstrued the testimony; but even so the departure from the record was not such as to alter decision. It seems clear to us that appellants have mistakenly assumed the department's finding was on the ground that plaintiff sought relief on the theory

that he had suffered an industrial accident rather than that his ability to earn had been impaired, as set forth in his petition, by an occupational disease. We quote from appellants' brief:

"It appears conclusive from the cases above cited and a long line of other cases decided by this court, that if a plaintiff is to recover for an *accidental injury* it must be shown that the accidental injury was either the proximate or concurring cause of his disability or injury."

Adopting this line of approach, appellants argue that plaintiff's accident of February 22d was not the proximate cause or a concurring cause of his hernia which developed some weeks later. If plaintiff were seeking an award for an accidental injury caused by a single fortuitous event, the doctrine of proximate cause would be applicable. But since, as a rule, an occupational disease does not result from a single fortuitous event, the test of proximate cause cannot be applied in the manner urged by appellants in the instant case. This is self-apparent from the definition of occupational disease contained in the statute. It reads:

"The term 'occupational disease' means a disease which is due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation, process or employment." Act No. 61, § 1, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8485–1, Stat. Ann. 1939 Cum. Supp. § 17.220).

Under this record we find no reason for disturbing the award of the department of labor and industry. It is affirmed, with costs to appellees.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.